**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: GLUCAGON-LIKE PEPTIDE-1 RECEPTOR AGONISTS (GLP-1 RAS) PRODUCTS LIABILITY LITIGATION | MDL NO. 3094<br><br>THIS DOCUMENT RELATES TO ALL CASES<br><br>JUDGE KAREN SPENCER MARSTON |
| TERRY WEBB<br><br>Plaintiff(s)<br><br>v.<br><br>ELI LILLY & COMPANY<br><br>Defendant(s). | COMPLAINT AND JURY DEMAND<br><br>CIVIL ACTION NO.: 2:26-cv-05980 |

**SHORT FORM COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff(s) named below, by and through the undersigned counsel, file(s) this *Short-Form Complaint and Demand for Jury Trial* against the Defendants selected below. Plaintiff(s) adopt(s) and incorporate(s) by reference the allegations, claims, and the relief sought in *Plaintiffs' Amended Master Long Form Complaint and Demand for Jury Trial (ECF 481) ("Master Complaint")*, and any subsequent amended versions of such Master Complaint, filed in *In Re: Glucagon-Like Peptide-1 Receptor Agonists (GLP-1 RAs) Products Liability Litigation*, MDL No. 3094 in the United States District Court for the Eastern District of Pennsylvania, as it relates to the selected Defendants and Causes of Action. Plaintiff(s) file(s) this *Short-Form Complaint* as permitted by Case Management Order ("CMO") No. 27 (ECF 503).

## IDENTIFICATION OF PARTIES

**Plaintiff(s)**

1. Full (first, middle, and last) name of Plaintiff injured/deceased due to use of GLP-1 RA Product(s): Terry Howard Webb ______.

2. If applicable, full name(s) and representative capacity of Plaintiff(s) alleging wrongful death claim: N/A ______,

as N/A ______ of the estate of N/A ______, deceased.

3. If applicable, full name(s) of Plaintiff(s) alleging survival claims, as permitted under state law(s): N/A ______.

4. If applicable, full name(s) of Plaintiff(s) alleging loss of consortium or loss of services: N/A ______.

**Defendant(s)**

5. Plaintiff(s)/Decedent's Representative is/are suing the following Defendant(s) (check all that apply):

______ Novo Nordisk Inc.

______ Novo Nordisk A/S

___✔___ Eli Lilly and Company

______ Lilly USA, LLC

______ other(s) (identify):

## JURISDICTION AND VENUE

6. City and state of Plaintiff(s)' current residence (or in a case brought on behalf of a Decedent, Decedent's last permanent residence):

Ocean Springs, Mississippi

7. State where Plaintiff/Decedent was prescribed the GLP-1RA Product(s) at issue:

Mississippi

8. State of Plaintiff's/Decedent's residence at time of their use of the GLP-1RA Product(s) at issue:

Mississippi

9. City and state of Plaintiff(s)'/Decedent's residence at time of diagnosis of injury:

Ocean Springs, Mississippi

10. Jurisdiction is based on:

_______ diversity of citizenship pursuant to 28 U.S.C. § 1332

___✔___ other (plead in sufficient detail as required by applicable rules):

Defendants routinely market their products at issue in this District and conduct business in this District related to their products.

11. The District Court(s) where Plaintiff(s) might have otherwise filed this Short Form Complaint, absent this Court's CMO No. 14, and/or to where remand could be ordered:

United States District Court for the Southern District of Mississippi

12. Venue is proper in the District Court identified in Paragraph 11 because:

_______ a substantial part of the events and omissions giving rise to Plaintiff(s)' claims occurred there;

___✔___ other (plead in sufficient detail as required by applicable rules):

Defendants routinely market their products at issue in this District and conduct business in this District related to their products.

13. If applicable, identify the citizenship of any additional Defendant(s) named above:

Indianapolis, Indiana

**PRODUCT USE**

14. Plaintiff/Decedent used the following GLP-1 RA Product(s) for which claims are being asserted in this case (check all that apply):

__________ Ozempic (semaglutide)

__________ Wegovy (semaglutide)

__________ Rybelsus (oral semaglutide)

__________ Saxenda (liraglutide)

__________ Trulicity (dulaglutide)

____✔____ Mounjaro (tirzepatide)

__________ Zepbound (tirzepatide)

__________ other(s) (identify):

15. To the best of Plaintiff(s)' knowledge, Plaintiff/Decedent used GLP-1 RA Product(s) during the following approximate date range(s) (month(s) and year(s)) (if multiple products, specify date range(s) for each product):

March 28, 2023 - July 20, 2024

**INJURIES AND DAMAGES**

16. To the best of Plaintiff(s)' knowledge, as a result of using GLP-1 RA Product(s), Plaintiff/Decedent suffered the following injuries, including their sequelae (check all that apply):

__________ Gastroparesis

__________ Other gastro-intestinal injuries (specify):

________________________________________

__________ Ileus

__________ Ischemic Bowel/Ischemic Colitis

____✔____ Intestinal Obstruction

__________ Necrotizing Pancreatitis

__________ Gallbladder Injury (specify)

__________ Micronutrient Deficiency

__________ Wernicke's encephalopathy

__________ Aspiration

__________ Death

____✔____ Additional/Other(s) (specify):

Sigmoid Colectomy

17. Plaintiff's/Decedent's injuries occurred in approximately (month and year)?

Obstruction September 16, 2024
Colectomy September 20, 2024

18. In addition, as a result of Plaintiff's/Decedent's use of GLP-1 RA Product(s), Plaintiff(s) suffered personal and economic injuries, pain and suffering, emotional distress, mental anguish, and the following damages (check all that apply):

____✔____ Injury to self

__________ Injury to person represented

____✔____ Economic loss

__________ Wrongful death

__________ Survivorship

__________ Loss of services

__________ Loss of consortium

__________ other(s) (specify):

## CAUSES OF ACTION

19. In addition to adopting and incorporating by reference the Master Complaint as stated above, more specifically, Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the following Causes of Action and allegations asserted in the Master Complaint (check all that apply):

| | | |
|---|---|---|
| ______ | Court I: | Failure to Warn – Negligence |
| ______ | Count II: | Failure to Warn – Strict Liability |
| ______ | Count III: | Breach of Express Warranty/Failure to Conform to Representations |
| ______ | Count IV: | Breach of Implied Warranty |
| ______ | Count V: | Fraudulent Concealment/Fraud by Omission |
| ______ | Count VI: | Fraudulent/Intentional Misrepresentation |
| ✔ | Count VII: | Negligent Misrepresentation/Marketing |
| ______ | Count VIII: | Strict Product Liability Misrepresentation/Marketing |
| ______ | Count IX: | Innocent Misrepresentation/Marketing |
| ______ | Count X: | Unfair Trade Practices/Consumer Protection (see below) |
| ______ | Count XI: | Negligence |
| ______ | Count XII: | Negligent Undertaking |
| ✔ | Count XIII: | State Product Liability Act (see below) |
| ______ | Count XIV: | Wrongful Death |
| ______ | Count XV: | Loss of Consortium |
| ______ | Count XVI: | Survival Action |
| ______ | Other(s) | (specify, and on separate pages, plead additional facts supporting any above claim in sufficient detail as required by applicable rules): |

20. If Plaintiff(s) is/are asserting a claim pursuant to the unfair trade practices or consumer protection statutes of any jurisdiction as identified in Count X above:*

a. Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

b. Identify the factual allegations supporting those claims (by subsection, if applicable):

**** Plaintiffs asserting any such claims are on notice that "failure to identify [these claims] with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 74 n.33.***

21. If Plaintiff(s) is/are asserting a claim pursuant to the Product Liability Act ("PLA") of any jurisdiction as identified in Count XIII above:*

a. Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

MS Code § 11-1-63(a)(i)-(iii); MS Code § 11-1-63(c); MS Code § 11-1-63(f); MS Code § 11-1-63(g)

b. Identify the legal theories identified in Paragraph 19 above (*e.g.*, negligent failure to warn, fraud, etc.) that are subsumed within Plaintiff(s)' PLA claim:

Failure to Warn - Negligence (Count I); Failure to Warn - Strict Liability (Count II); Negligence (XI).

c. Identify the factual allegations supporting those claims:

Eli Lilly's product, Mounjaro, was defective at the time it left their control, that defect rendered the product unreasonably dangerous, and that defect proximately caused Mr. Webb's Intestinal Obstruction and his Sigmoid Colectomy injuries. Defendant's product was defective because the product failed to contain adequate warnings of these injuries. Further, Defendant's product was defective because it's design was unreasobably dangerous. Mr. Webb would have never taken this product if he knew how unreasonably dangerous it would be to his health.

**** Plaintiffs asserting any such PLA claims are on notice that "failure to identify the PLA claims with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 76 n.35.***

22. If pre-suit notice is required by statute, did Plaintiff(s) provide some form of separate pre-suit notice to Defendant(s)? N/A . If so, attach such notice.

**RELIEF**

Plaintiff(s) pray(s) for relief and judgment against Defendants of compensatory damages, punitive and/or exemplary damages, interest, costs, attorneys' fees, and such further relief as the Court deems equitable and just, and as set forth in the *Master Complaint*, as appropriate, and any additional relief to which Plaintiff(s) may be entitled.

**JURY DEMAND**

Plaintiff(s) hereby demand(s) a trial by jury as to all claims triable by jury in this action.

Date: August 18, 2026

By: /s/ Ryan J. Duplechin
Ryan J. Duplechin
Weslev Chadwick Cook
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, Alabama 36103-4160
Phone 334-269-2343 / Fax 334-954-7555
Email: Ryan.Duplechin@BeasleyAllen.com
Email: Chad.Cook@BeasleyAllen.com